IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GINGER L. EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0425-O-BP |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint that Plaintiff Ginger L. Edwards filed on April 17, 2025. ECF No. 1. This case was automatically referred to the undersigned pursuant to Special Order 3 on that same date. ECF No. 4. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This is a civil rights action in which Edwards sues forty-seven defendants. ECF No. 1. She asserts that she was poisoned with arsenic, pursued by federal agents, abused by apartment management, employees, and neighbors, and subjected to further abuse at a mental hospital in Georgetown, Texas. *Id.* at 5-11. She recounts historic abuses that she experienced as early as 2008. *Id.* at 13. She states that she is homeless and not protected. *Id.* at 18-19. She says that "if anyone is looking to hurt me because of this law suit or help me I will [sic] sitting in the Burk Burnett park waiting for sundown, asking God, why don't I get food [and] shelter." *Id.* at 19. She states that it is her "understanding the Mexican Cartel is now after me." *Id.* Plaintiff concludes the complaint by stating, "Oh yes – I always forget – I'm supposed to ask for an amount for

restitution [and] damages. Well, God the Father [and] Jesus the son [and] the Holy Spirit said, Give her 300 million US Dollars. In God we Trust!" *Id.* at 20.

Under Title 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss claims filed by a party proceeding *in forma pauperis* who seeks redress from government entities or employees prior to service if the Court determines that the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32. Edwards' allegations and recitations of facts in the pending complaint fall within this category of claims. *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993).

The Court also notes that Edwards has filed numerous similar cases or related cases in this Court. Between May 17, 2022 and April 21, 2025, she filed seven cases based on similar or related facts. *See Edwards v. The United States of America* (Civil Action No. 4:25-cv-00425-O-BP) (the instant case); *Edwards v. Jack* (Civil Action No. 4:25-cv-00436-Y-BP (similar facts; pending); *Edwards v. CIA Agent "Tom"* (Civil Action No. 4:23-cv-00950-O) (similar facts; dismissed without prejudice for lack of subject matter jurisdiction); *Edwards v. Pittman* (Civil Action No. 4:23-cv-00942-O) (claim against district judge for actions in case involving similar facts; dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)); *Edwards v. The United States of America* (Civil Action No. 4:23-cv-00908-O) (similar facts; dismissed without prejudice for failure to serve process under Federal Rule of Civil Procedure 4(m); *Edwards v. Jack* (Civil Action No. 4:22-cv-00555-P) (similar facts, dismissed for failure to follow court order under Federal Rule of

Civil Procedure 41(b); Edwards sanctioned and ordered not to submit further filings in the case); *Edwards v. City of Fort Worth* (Civil Action No. 4:22-cv-00429-O) (related facts; claims dismissed with prejudice following filing of motions to dismiss based on qualified immunity and lack of municipal liability).

Additionally, Judge O'Connor and United States District Judge Mark T. Pittman entered an order on September 6, 2023 restricting Edwards' access to the Eldon B. Mahon Courthouse and ordering certain security measures in connection with her visits to the Clerk's Office at the courthouse. *See* ECF No. 1, *In Re: Ginger L. Edwards*, Miscellaneous Case No. 4:23-mc-0016-P-O.

Courts possess the inherent power to "protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). The undersigned takes judicial notice of Edwards' history of court filings and the order previously entered against her governing subsequent appearances at the courthouse. Fed. R. Evid 201(b)(2) and (c)(1); *see Sparkman v. Charles v. Schwab & Co.*, 336 F. App'x 413, 415 (5th Cir. 2008). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *see also Stone*, 986 F.2d at 902.

Because of Edwards' repeated case filings, all reflecting fantastic and delusional claims, the undersigned recommends that Judge O'Connor admonish Edwards and warn her that the Court may impose monetary sanctions against her and bar her from filing any other civil actions

in this Court that assert the same or essentially the same claims as those brought in this action unless she first seeks leave to file from a district or magistrate judge before filing any case.

For these reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(i). The undersigned further **RECOMMENDS** that the Court caution Edwards that if she files any other civil actions in this Court that assert the same or essentially the same claims as those brought in this action, the Court may enter a monetary sanction against her or may require that she not file any further case without first securing leave to file the case from a district judge or magistrate judge.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on June 17, 2025.

                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE